UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PENNY S. BUMMER now known as**
**PENNY S. JONES,**

      **Plaintiff,**

v.                                                                        Case No:  6:11-cv-1851-Orl-28KRS

**NEW YORK LIFE INSURANCE AND**
**ANNUITY CORPORATION,**

      **Defendant.**

_____/

**ORDER**

      This action for breach of contract, conversion, and promissory estoppel is before the Court on the Defendant's Motion to Dismiss (Doc. 7) and the Plaintiff's Response (Doc. 8) thereto.  Defendant, New York Life Insurance and Annuity Corporation ("New York Life"), argues that Plaintiff, Penny S. Jones ("Jones"), has failed to state a claim for conversion or promissory estoppel.  New York Life further seeks leave of the Court to serve its Answer to Jones's breach of contract claim within 30 days of the Court's ruling.  For the reasons stated below, New York Life's Motion to Dismiss is **GRANTED** with respect to Jones's claim for conversion, and **DENIED** with respect to Jones's claim for promissory estoppel.

## I. Background[1]

This case concerns a dispute over the payment of life insurance proceeds. On February 27, 2008, New York Life stated in a letter to Jones's husband that Jones was the current beneficiary under his life insurance policy. Five months later, Jones's husband died. When Jones made a demand on New York Life for the proceeds owed to her under the policy, New York Life refused to pay her.

Jones claims that New York Life is liable for breach of contract and conversion for failing to pay her the money owed under her husband's policy. Jones alternatively claims that she relied to her detriment on New York Life's statement that she was the beneficiary of her husband's policy because she otherwise would have obtained life insurance on her husband through another company.

## II. Legal Standard for Motions to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

---

[1] These allegations are taken from the Complaint (Doc. 2) and are accepted as true for the purpose of ruling on the motion to dismiss.

### III.  Discussion

#### A.  Conversion

Under Florida law, conversion is "'an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it.'" Advanced Surgical Techs., Inc. v. Automated Instruments, Inc., 777 F.2d 1504, 1507 (11th Cir. 1985) (per curiam) (quoting Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. 4th DCA 1970)). Moreover, "[m]oney may be the subject of a conversion only where 'it consists of specific money capable of identification.'" Kee v. Nat'l Reserve Life Ins. Co., 918 F.2d 1538, 1541 (11th Cir. 1990) (quoting Belford, 243 So. 2d at 648).  Accordingly, it is "well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion." Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008); see also Walker v. Figarola, 59 So. 3d 188, 190 (Fla. 3d DCA 2011); Kee, 918 F.2d at 1541 (11th Cir. 1990); Belford, 243 So. 2d at 648 ("A mere obligation to pay money may not be enforced by a conversion action.").

The crux of Jones's conversion claim is that New York Life "failed to pay to [her] all proceeds due and owing to her as the beneficiary under the policy of insurance at issue." (Doc. 2 ¶ 14).  This amounts to a claim for payment of a simple debt, and Jones has not otherwise alleged any facts to suggest that New York Life owes her specific money capable of identification.  Jones's claim for conversion therefore fails under Florida law.

#### B.  Promissory Estoppel

The Florida Supreme Court has explained:

> The basic elements of promissory estoppel are set forth in Restatement (Second) of Contracts § 90 (1979), which states:
>
> (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

W.R. Grace & Co. v. Geodata Servs., Inc., 547 So. 2d 919, 924 (Fla. 1989).

New York Life's challenge to Jones's promissory estoppel claim boils down to three arguments: 1) promissory estoppel is not available when a written contract covers the disputed promise; 2) the letter naming Jones as the current beneficiary was not a promise that should reasonably be expected to induce reliance because the policy owner could change the current beneficiary at any time; and 3) Jones's decision not to seek insurance from a different company is insufficient to support detrimental reliance because she "has failed to allege that any other life insurance was 'actually available.'" (Doc. 7).

These arguments, however, all require factual development and are premature at this stage of the litigation. Jones is permitted to claim promissory estoppel as an alternative to her breach of contract claim, see Doe v. Univision Television Group, Inc., 717 So. 2d 63, 65 (Fla. 3d DCA 1998), and her Complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). As it stands, Jones's Complaint alleges grounds for promissory estoppel in a sufficiently plausible manner to survive the motion to dismiss.

## IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  New York Life's Motion to Dismiss (Doc. 7) is **GRANTED in part** and **DENIED in part**.  The motion is **GRANTED** as to the conversion claim in Count II.  The conversion claim in Count II is **DISMISSED** with prejudice for failure to state a claim.  The motion is **DENIED** as to the promissory estoppel claim in Count III.

2.  New York Life shall file its Answer to Counts I and III of the Complaint **on or before Friday, September 28, 2012**.

**DONE** and **ORDERED** in Orlando, Florida on September 7, 2012.

_____
JOHN ANTOON II
United States District Judge